UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,

                           Plaintiff,                        **MEMORANDUM and ORDER**

          — against —                              00-CV-4131 (SLT)(RLM)

TREVOR L. BROOKS, aka TREVOR BROOKS,

                          Defendant.
----------------------------------------------------------------X

**TOWNES, United States District Judge:**

      Plaintiff United States of America ("Plaintiff"), seeking to recover a debt owed, commenced this action on July 17, 2000 against defendant Trevor L. Brooks ("Defendant"). Having received no response from Defendant after serving the summons and complaint, on November 10, 2000, Plaintiff moved for a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. On November 14, 2000, this Court (RAGGI, U.S.D.J.) granted Plaintiff's motion, and a default judgment was entered. Now, by a motion dated April 12, 2007, Defendant, appearing *pro se*, moves this Court to vacate the default judgment, arguing that he was not properly served with process and the judgment is for an excessive amount. For the reasons set forth below, Defendant's motion is DENIED.

## BACKGROUND

      On July 17, 2000, Plaintiff commenced this action against Defendant, seeking to recover a debt owed in the amount of $3,188.04. *See* Complaint ("Compl.") ¶ 3. At the time of filing the complaint, the debt represented $2,367.27 in current principal, $491.90 in current capitalized interest, and $328.87 in administrative fees, cost, and penalties. *See id*. After two prior attempts to serve the summons and complaint at Defendant's "usual place of abode" – 175 Adams Street, Brooklyn, New York 11201 – failed, on September 22, 2000, the documents were affixed to the

door of said address, and mailed to the same address. *See* Affidavit of Service sworn to September 28, 2000 ("Aff. of Service").

On November 10, 2000, having failed to receive a response from Defendant, Plaintiff moved for a default judgment, in the amount of $3,245.01.[1] *See* Francis E. Mullen Declaration for Default Judgment dated November 7, 2000 ("Mullen Decl.") ¶ 5. Thereafter, on November 14, 2000, Defendant's default was noted by the Clerk of the Court, and then-presiding Judge Reena Raggi granted the motion in its entirety.

Over six years later, on April 13, 2007, Defendant moved this Court to "issue an order vacating the Judgement [sic] entered on 11/14/2000." Defendant states that the judgment should be vacated because:

> I was never served. I moved to Jamaica LVI in 1997. Further, the amount of the Judgement [sic] is erroneous. I borrowed less than $2,000.00 and on numerous occasions requested an [sic] payment plan. Affiant is ready and willing to enter into a settlement agreement for the correct figure.
>
> Further, the default Judgement [sic] has negatively impacted on my credit and should be removed.

Affidavit of Trevor L. Brooks sworn to April 12, 2007 ("Brooks Aff."). To date, Plaintiff has yet to respond to Defendant's motion.

---

[1] The increased amount in the default judgment reflects accrued capitalized interest, now totaling $528.87, and additional costs and disbursement, now totaling $348.87.

**DISCUSSION**

Under Fed. R. Civ. P. 55(c), the Court may set aside an entry of default "[f]or good cause shown," and since a default judgment has been entered, the Court may also, in accordance with Rule 60(b), vacate the judgment. *See* Fed. R. Civ. P. 60(b) (providing that a judgment may be vacated for, *inter alia*, "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (4) the judgment [being] void"). However, any claim brought under Rule 60(b) must be made within a "reasonable time" and for claims under Rule 60(b)(1), (2), and (3), there is a one year limitation. Fed. R. Civ. P. 60(b).

"In deciding a motion to vacate a default judgment, the district court is to be guided principally by three factors: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998); *see also State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167 (2d Cir. 2004). In considering Defendant's motion, the Court is mindful that "all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (citation omitted).

Here, Defendant's motion essentially asserts two grounds for relief under Rule 60(b). First, Plaintiff argues that, under Rule 60(b)(4), the judgment is void because service of process was not properly completed; and, second, that, under Rule 60(b)(1) or (3),[2] the Court awarded

---

[2] Defendant's motion does not explain whether he believes Plaintiff obtained a default judgment for more than it was entitled to obtain by fraud, under Rule 60(b)(3), or mistake, under Rule 60(b)(1). However, this deficiency is of no event, since both arguments fail for being untimely raised. *See* Fed. R. Civ. P. 60(b) ("The motion shall be made . . . for reasons (1), (2), and (3) not more than one year after the judgment . . . was entered").

Plaintiff more relief than it was entitled to receive. However, neither basis for relief has been raised within a "reasonable time." *See* Fed. R. Civ. P. 60(b) ("The motion shall be made within a reasonable time"); *see also Old Republic Ins. Co. v. Pacific Financial Services of America, Inc.*, 301 F.3d 54, 57-59 (2d Cir. 2002) (holding that judgment debtor's Rule 60(b) motion was not filed within a reasonable time since it was filed thirteen years after the judgment was entered); *Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001) ("We do not think that three and one-half years from the date judgment was entered is a reasonable time."). Moreover, Plaintiff's argument, under Rule 60(b)(1) or (3), that the Court awarded Plaintiff an improper amount is absolutely barred. *See Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000) (holding that the one-year limitations period for certain Rule 60(b) motions is "absolute").

Even if this Court were to conclude that Defendant's claim regarding the voidability of the default judgment is not subject to any time limitations, *see Central Vermont Public Service Corp. v. Herbert*, 341 F.3d 186, 189 (2d Cir. 2003) ("it has been oft-stated that, for all intents and purposes, a motion to vacate a default judgment as void may be brought at any time"), there is no basis for granting Plaintiff's motion on the merits. When viewed within the three factors stated above, there is no compelling reason for this Court to vacate the default judgment. First, there is nothing in the record to indicate that Defendant's default was willful.

As to the second factor – the existence of a meritorious defense – Defendant suggests that the Court lacked personal jurisdiction since he did not receive service of process. *See* Brooks Aff. However, the method of service, known as "nail and mail" or "affix and mail," was clearly a proper method of service under Rule 4(e). *See* Fed. R. Civ. P. 4(e) (providing that service may be effected by the laws of the state in which the Court sits); N.Y. C.P.L.R. § 308(4) (McKinney's 2007) (setting out the procedure for serving a natural person by the method of "nail

4

and mail" or "affix and mail"); *see also Beller & Keller v. Tyler,* 120 F.3d 21, 24 (2d Cir. 1997). On November 10, 2000, Plaintiff filed a detailed affidavit of service, which constitutes *prima facie* proof of valid service. *See Nyctl 1997-1 Trust v. Nillas*, 288 A.D.2d 279, 279, 732 N.Y.S.2d 872, 873 (App. Div. 2d Dep't 2001). Other than Defendant's conclusory allegation that he was not served with the summons and complaint, there is no evidence to establish that this Court lacked personal jurisdiction over Defendant. *See Prosperity Partners, Inc. v. Bonilla*, No. 04-1362, 2005 WL 1661702, at *3 (E.D.N.Y. July 14, 2005) (citing *Matrix Fin. Serv. Corp. v. McKiernan*, 295 A.D.2d 579, 580, 744 N.Y.S.2d 706, 706 (App. Div. 2d Dep't 2002) ("The process server's affidavit constituted prima facie proof of proper service pursuant to CPLR 308(4), and the appellant's conclusory allegations failed to rebut the veracity or content of the affidavit.")).

Lastly, although Plaintiff has not responded to Defendant's motion, the Court nonetheless concludes that vacating a default judgment that has been final for over six years would likely cause prejudice to Plaintiff. Accordingly, Defendant's motion is DENIED.

## CONCLUSION

For the reasons set forth above, Defendant's motion to vacate the default judgment entered against him, pursuant to Fed. R. Civ. P. 55(c) and 60(b), is DENIED in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
December 17, 2007

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge

5